IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TURHAN BLENMAN,                  )
                                 )
              Plaintiff,         )
                                 )
       v.                        ) Civ. No. 16-402-SLR
                                 )
DOVER POLICE DEPARTMENT,         )
et al.,                          )
                                 )
              Defendants.        )

## MEMORANDUM

1. **Introduction**. Plaintiff Turhan Blenman ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 1, 8, 11)[2] He also requests counsel. (D.I. 7)

2. **Standard of Review**. A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The court considers D.I. 1, 8, and 11, combined, as the operative complaint.

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.[3] *Tourscher v. McCullough*, 184 F.3d 236, 240

---

[3]A court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (internal

(3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5.  A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 346.

6.  Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and

---

citations and quotation omitted).  Matters of public record, including government agency records and judicial records, may be considered.  *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 n.5 (3d Cir. 2006) (citation omitted).

quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

7. **Discussion**. Named as defendants are the Dover Police Department ("Dover PD"), detective MCpl. Anthony J. DiGirolomo ("DiGirolomo"), detective Aaron Dickinson ("Dickinson"), Dover police chief ("police chief"), unnamed shift commander ("shift commander"), unnamed various supervisors ("various supervisors"), and Justice of the Peace Court Chief Magistrate William L. Boddy ("Magistrate Boddy"). (D.I. 1, 8) On June 11, 2014, DiGirolomo and Dickinson, along with other members of the Dover PD, obtained a search warrant. Plaintiff alleges that DiGirolomo and Dickinson were the investigators and affiants who authored the probable cause report that supported the warrant. (D.I. 1) Plaintiff alleges that the probable cause report and investigation was not supported by either facts or circumstantial evidence, but by suspicion without proof, and should not have been granted. (D.I. 1, D.I. 11) He further alleges that, because DiGirolomo and Dickinson never confirmed the allegations by substantiating and authenticating their sworn statements, the search warrant was defective. (D.I. 11) In addition, plaintiff alleges that DiGirolomo and Dickinson conspired to authorize the probable cause report under oath or affirmation in violation of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. (D.I. 11) Plaintiff alleges that the search warrant gave defendants access to his residence which resulted in "an unreasonable search and seizure and violation" of the Fourth

4

Amendment. (D.I. 1) Finally, plaintiff alleges that the police chief, shift commander, various supervisors, and Magistrate Boddy, either directly or indirectly, had control, in part or in full, in the probable cause report authored and search warrant signed that led to the alleged illegal search and seizure and malicious prosecution of plaintiff. (D.I. 8)

8. Items seized during the search included heroin at the premises and on plaintiff's person, bags of rice, a hypodermic needle, spoons, mail addressed to plaintiff, silver tins, bags, business cards, a digital scale, cell phone, and two rifles. *See Blenman v. State of Delaware*, No. 524,2015 (Del.), Def.'s opening brief filed Jan. 4, 2016, at inventory and affidavit of property taken under search warrant. Following the search, plaintiff was arrested on June 11, 2014, and charged with two counts of possession of a firearm by a person prohibited (both felonies), drug dealing (a felony), endangering the welfare of a child (a misdemeanor), and possession of drug paraphernalia (a misdemeanor). *See State of Delaware v. Blenman*, Crim. ID No. 140600868 (Del. Super.), court docket.

9. On June 27, 2015, plaintiff waived his preliminary hearing. *Id.* He was indicted on the five referenced counts on September 2, 2014, and the matter proceeded to a bench trial on June 16, 2015. *Id.* Before the trial commenced, the State nolle prossed the drug dealing, endangering the welfare of a child, and possession of drug paraphernalia counts. *See id.* Plaintiff alleges the counts were nolle prossed due to lack of evidence. (D.I. 1) Plaintiff was found guilty of the two counts of possession of a firearm by a person prohibited. *See State of Delaware v. Blenman*, Crim. ID No. 140600868 (Del. Super.), court docket. Plaintiff alleges that, in

5

the criminal proceeding, he was not allowed to challenge the probable cause and

search warrant due to a conflict between him and his public defender, and that his

public defender led plaintiff to believe that she would file a motion to suppress. (D.I.

11); *see also Blenman v. State of Delaware*, 134 A.3d 760 (Del. 2016) (table decision)

(in direct appeal of plaintiff's criminal conviction, to the extent plaintiff challenged his

counsel's failure to file a motion to suppress, Delaware Supreme Court did not consider

ineffective assistance of counsel claim for the first time on direct appeal). Plaintiff

alleges that the trial of the two counts wherein he was found guilty were the "result of

the search and not on the face of the search warrant, nor fell under the plain view

doctrine, but in a Superior Court suppression hearing, fruit of the poisonous tree." (D.I.

11) Plaintiff seeks compensatory damages

      10. **Habeas Corpus**. Plaintiff's claims are barred by *Heck v. Humphrey*, 512

U.S. 477 (1994). In *Heck*, the United States Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. *Heck* prevents a collateral attack on a state criminal conviction by

requiring that the state proceedings terminated favorably for the plaintiff. Here, plaintiff

appears to assert favorable termination because three counts of the five count

indictment were nolle prossed prior to the trial wherein he was found guilty of the

remaining two felony counts. The final termination rule announced in *Heck* bars those

6

§ 1983 claims that have the effect of impugning the underlying criminal conviction.  *See*
*Marable v. West Pottsgrove Twp.*, 176 F. App'x 275, 281 (3d Cir. 2006) (unpublished).

11.  Thus, insofar as plaintiff claims defendants searched his residence with an
invalid search warrant in violation of the Fourth Amendment and maliciously prosecuted
him with respect to the drug dealing, endangering the welfare of a child, and possession
of drug paraphernalia charges, the constitutional claims are barred by *Heck* because
plaintiff's constitutional claims challenging the three nolle prossed charges would
necessarily imply the invalidity of plaintiff's convictions and sentences on the two felony
charges for possession of a firearm by person prohibited.  Indeed, the firearms
possessed by plaintiff as described in the indictment were seized as a result of the
search warrant that plaintiff now claims is defective in violation of the Fourth
Amendment.  Hence, a finding in this § 1983 case with regard to the search warrant at
issue would have a direct impact on the State court's finding of guilt on the two felony
charges.  Therefore, the court must dismiss plaintiff's constitutional claims against
defendants challenging the stated charges which were nolle prossed until plaintiff has
his sentences and convictions on the related felony charges for possession of a firearm
by a person prohibited overturned on appeal in the state courts or by filing a habeas
petition under 28 U.S.C. § 2254.

12.  **Alternate Grounds for Dismissal**.  Even if the constitutional claims were
not barred by *Heck*, dismissal of the complaint is appropriate pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).  First, plaintiff alleges in a
conclusory manner that DiGirolomo's and Dickinson's probable cause report and

7

investigation were not supported by facts or circumstantial evidence, instead by suspicion without proof, and that they never confirmed the allegations by substantiating and authenticating their sworn statements. Plaintiff also alleges in a conclusory manner that DiGirolomo and Dickinson violated his constitutional rights when they conspired to author the "probable cause" under oath. The court is not required "to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

13. Second, plaintiff names the Dover PD as a municipal defendant, but fails to (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged, and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404 (1997). Third, other than to name the police chief, shift commander, and various supervisors as defendants, there are no allegations of personal involvement by these defendants. The foregoing defendants "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Fourth, Magistrate Boddy is immune from suit by reason of his judicial immunity. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.").

8

14. Fifth, while plaintiff attempts to raise a malicious prosecution claim, the complaint does not contain the elements of such a claim. Plaintiff must show that: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

15. Plaintiff's assertions that there was lack of probable cause for issuance of the search warrant have no bearing on the malicious prosecution claim. The issue is whether there was probable cause at the time the charges were filed. A plaintiff's claim for malicious prosecution begins not with an arrest, which is not pursuant to legal process, but with the indictment. *Sershen v. Cholish*, 2007 WL 3146357, at *10 (M.D. Pa. 2007) (citing *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998)). The court takes judicial notice that a grand jury indicted plaintiff on the charges at issue. A grand jury indictment is prima facie evidence of probable cause to prosecute. *King v. Deputy Atty. Gen. Del.*, 616 F. App'x. 491, 495 (3d Cir. 2015) (unpublished); *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (noting that an indictment establishes probable cause "by definition."). A presumption that probable cause exists will only be overcome by evidence that the indictment was "procured by fraud, perjury or other corrupt means." *Woodyard v. County of Essex*, 514 F. App'x 177, 183 (3d Cir. 2013) (unpublished) (quoting *Rose v. Bartle*, 871 F.2d 331, 353 (3d

9

Cir. 1989)).  Plaintiff pled no facts that the indictment was procured by fraud, perjury or

other corrupt means.  Rather, his main complaint is that the search warrant was

defective.

     16.  **Conclusion**.  For the above reasons, the court will:  (1) deny as moot

plaintiff's request for counsel (D.I. 7); grant plaintiff's motion to amend (D.I. 11); and (3)

dismiss the complaint (consisting of D.I. 1, 8, and 11) as barred by *Heck v. Humphrey*,

512 U.S. 477 (1994), as legally frivolous, and by reason of immunity pursuant to 28

U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915(A)(b)(1) and (2).  The court finds

amendment futile.  A separate order shall issue.


Dated:  October  12 , 2016

                                            UNITED STATES DISTRICT JUDGE

10